UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| STEVES AND SONS, INC., | Civil Action No. 2:24-cv-07015-BHH |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANTS JONATHAN "RYAN" STIER AND KORADOOR, LLC** |
| NICK SCOTT COPELAND, STIER SUPPLY COMPANY, JONATHAN "RYAN" STIER, RYAN STEAD, KORADOOR, LLC, and TKI, INC., | |
| Defendants. | |

Defendants Jonathan "Ryan" Stier ("Stier") and KoraDoor, LLC ("KoraDoor") (collectively "Defendants") answering the Complaint of Plaintiff Steves and Sons, Inc. ("Steves"), admit, deny, and allege as follows:

Except as is specifically admitted below, each allegation of the Complaint is denied.

## RESPONSE TO PRELIMINARY STATEMENT

To Stier's and KoraDoor's knowledge, they do not possess and have never possessed any trade secrets and/or confidential information of Steves. Through this lawsuit, Steves tries to hold Defendants liable for misappropriating purported trade secrets either that they never received or possessed or that are readily and publicly available and/or discernible, not only through third parties in the industry but also through Steves itself. Indeed, Steves widely broadcasts and touts its business, including the information it now contends is its purported "trade secrets," in the industry, at trade shows, and to customers and potential customers. Not to mention Steves publishes, or allows others to publish, this same information on the internet on at least the following websites:

https://www.stevesdoors.com/interior_doors/molded_panel_doors/
    (Perma link: https://perma.cc/PV32-JSK3);

https://www.stevesdoors.com/door-manufacturing-resources/technical-manuals/
    (Perma link: https://perma.cc/ZP7K-3M89 );

https://www.stevesdoors.com/door-manufacturing-resources/product-catalogs/
    (Perma link: https://perma.cc/YWS6-TKFM);

https://worldmillworkalliance.com/wp-content/uploads/2020/08/Steves-New-Addition-Release-8-6-20V2.pdf
    (Perma link: https://perma.cc/GBE5-K8F8);

https://www.globenewswire.com/en/news-release/2017/11/07/1176859/0/en/Steves-Sons-Richmond-Celebrated-Grand-Opening-of-Smart-Manufacturing-Plant.html
    (Perma link: https://perma.cc/B3LS-UMFP);

https://manufacturing-today.com/news/steves-doors-has-shaped-san-antonios-reputable-timber-industry-since-1866/
    (Perma link: https://perma.cc/38DX-LZQA);

https://www.youtube.com/watch?v=4ly33Vkkmuw;

https://learn.reeb.com/knowledge-base/f-and-m-manufacture-process/
    (Perma link: https://perma.cc/JH74-GCRF);

https://learn.reeb.com/learning-paths/introduction-to-interior-doors/
    (Perma link: https://perma.cc/7RLH-E3FP).

Upon information and belief, all of Steves' salespeople know this information. What is more, upon information and belief, Steves openly offers this information to its customers and potential customers in its marketing materials. And some of the information Steves contends is its trade secrets merely consists of common business practices or norms in the door manufacturing and supply industry. To claim now that this information somehow belongs to Steves as its trade secrets is a legal and factual impossibility. That which is not secret can never be a "trade secret."

Stier and KoraDoor do not possess and have never possessed any of Steves' trade secrets. And Defendant Stier Supply Company ("SSC") is not, and has never been, a competitor of Steves. Nor has SSC ever manufactured interior or exterior doors. In fact, SSC declined to entertain any

business opportunities involving the manufacturing or wholesale distribution of interior or exterior doors. And, until recently, SSC *was a customer* of Steves.

While Stier as sole member of McCarthy Management, LLC created Casper Door, LLC on December 28, 2023, which he later amended to be KoraDoor, neither he nor KoraDoor operate in the door manufacturing or wholesale distribution business. Since initial formation, KoraDoor has never functioned or operated as a business entity, and, in fact, has never had any activity whatsoever. Like SSC, KoraDoor does not presently compete with Steves.

Nor do Defendant Nick Copeland or Paul Allen. Even so, the alleged non-compete and non-solicitation provisions in Copeland's and Allen's employment agreements are illegal, unenforceable, and void as against public policy in South Carolina because they are not reasonable in scope, time, and geography, and/or were procured without valid consideration. Even if they were enforceable (there are not), no breach of the agreements is actionable because Steves does not have any trade secrets and Copeland and Allen do not compete with Steves.

In summary, Steves attempts to hold Stier and KoraDoor liable for illusory damages under similarly illusory claims of misappropriating information that is not secret and certainly not "trade secret," for purported improper competition in a business in which Stier and KoraDoor do not compete, and for aiding and abetting breaches of contracts that are not enforceable under South Carolina law. All the while Steves refuses to pay SSC hundreds of thousands of dollars in rebate payments to which SSC is entitled under the parties' contract. Defendants Stier and KoraDoor pray the Complaint be dismissed with prejudice.

Defendant asserts no further response is required to the PRELIMNARY STATEMENT section or Footnote 1 of the Complaint given that the allegations consist of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations rather than factual

allegations.  To the extent a response is required, Defendant denies the allegations and demand strict proof thereof.

## FOR A FIRST DEFENSE

1.     Defendants admit, upon information and belief, the allegations contained in Paragraphs 1 and 2 of the Complaint.

2.     Responding to Paragraph 3 of the Complaint, Defendants admit the first and second sentences.  Defendants admit the third sentence of Paragraph 3 of the Complaint, except that they assert SSC and Steves are no longer in a long-term Supply Agreement.

3.     Defendants admit the allegations contained in Paragraph 4 of the Complaint.

4.     Defendants admit, upon information and belief, the allegations contained in Paragraph 5 of the Complaint.

5.     Responding to the allegations in Paragraph 6 of the Complaint, Defendants admit the first sentence.  Defendants admit the allegations in the second sentence of Paragraph 6, except they assert the allegations relate to KoraDoor, not to Steves.  Defendants deny the allegations in the third sentence of Paragraph 6.

6.     Defendants lack information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint and therefore deny these allegations.

7.     The allegations contained in Paragraph 8 of the Complaint call for legal conclusions and therefore no response is required.  To the extent a response is required, Defendants admit the Court has subject matter jurisdiction over this matter but deny Plaintiff has valid claims under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836(e) or 28 U.S.C. § 1331.

8.     The allegations contained in Paragraph 9 of the Complaint call for legal conclusions and therefore no response is required.  To the extent a response is required, Defendants admit the

Court has subject matter jurisdiction over this matter but deny Plaintiff has valid claims against Defendants.

9.    The allegations contained in Paragraph 10 of the Complaint call for legal conclusions and therefore no response is required.  To the extent a response is required, Defendants admit the Court has subject matter jurisdiction over this matter but deny Plaintiff has valid claims against Defendants.

10.    Responding to the allegations in Paragraph 11 of the Complaint, Defendants assert that no response is required given that the allegations do not pertain to Defendants.  To the extent the allegations pertain to Defendants, Defendants lack information sufficient to form a belief as to the allegations and therefore deny these allegations.

11.    Defendants admit the allegations in Paragraphs 12 and 13 of the Complaint.

12.    Responding to the allegations in Paragraph 14 of the Complaint, Defendants assert that no response is required given that the allegations do not pertain to Defendants.  To the extent the allegation pertain to Defendants, Defendants lack information sufficient to form a belief as to the allegations and therefore deny these allegations.

13.    Responding to the allegations in Paragraph 15 of the Complaint, Defendants admit the allegations only to the extent that they admit the Court has personal jurisdiction over KoraDoor.

14.    Responding to the allegations in Paragraph 16 of the Complaint, Defendants assert that no response is required given that the allegations do not pertain to Defendants.  To the extent the allegations pertain to Defendants, Defendants lack information sufficient to form a belief as to the allegations and therefore deny these allegations.

15.    Defendants admit the allegations in Paragraph 17 of the Complaint but deny Plaintiff has valid claims against Defendants.

16.     Defendants deny the allegations in Heading A of the Complaint.

17.     Defendants lack information sufficient to form a belief as to the allegations contained in Paragraphs 18, 19, 20, and 21 of the Complaint and therefore deny these allegations.

18.     Defendants deny the allegations in Paragraph 22 of the Complaint.

19.     Responding to Paragraph 23 of the Complaint, Defendants lack information sufficient to form a belief as to the allegations contained in the first sentence and therefore deny these allegations.  Defendants deny the remaining allegations in Paragraph 23 of the Complaint.

20.     Defendants lack information sufficient to form a belief as to the allegations in Heading B of the Complaint and therefore deny these allegations.

21.     Defendants lack information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint and therefore deny these allegations.

22.     Responding to the allegations in Paragraph 25 of the Complaint, Defendants crave reference to the alleged Application for Employment, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the Application of Employment. Defendants deny any remaining allegations in Paragraph 25 of the Complaint.

23.     Defendants admit, upon information and belief, the allegations in Paragraph 26 of the Complaint.

24.     Responding to the allegations in Paragraph 27 of the Complaint, Defendants crave reference to the alleged Application for Employment, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the Application of Employment. Further responding to the allegations in Paragraph 27, Defendants deny any limits contained in the Application of Employment are "reasonable."  Defendants deny any remaining allegations in Paragraph 27 of the Complaint.

25.     Responding to the allegations in Paragraphs 28 and 29 of the Complaint, Defendants crave reference to the alleged Application for Employment, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the Application of Employment.

26.     Responding to the allegations in Paragraph 30 of the Complaint, Defendants crave reference to the alleged acknowledgment, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the acknowledgment.

27.     Defendants lack information sufficient to form a belief as to the allegations contained in Paragraphs 31 and 32 of the Complaint and therefore deny these allegations.

28.     Responding to Paragraph 33 of the Complaint, Defendants lack information sufficient to form a belief as to the allegations and therefore deny these allegations.

29.     Defendants assert no response is required to the allegations in Heading C of the Complaint.  To the extent a response is required, Defendants deny the allegations.

30.     Defendants lack information sufficient to form a belief as to the allegations contained in Paragraphs 34 and 35 of the Complaint and therefore deny these allegations.

31.     Defendants admit, upon information and belief, the allegations in Paragraph 36 of the Complaint.

32.     Responding to the allegations in Paragraph 37 of the Complaint, Defendants crave reference to the alleged Copeland Agreement, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the Copeland Agreement.  Further responding to the allegations in Paragraph 37, Defendants deny any limits contained in the Copeland Agreement are "reasonable."  Defendants deny any remaining allegations in Paragraph 37 of the Complaint.

33.    Responding to the allegations in Paragraph 38 of the Complaint, Defendants crave reference to the alleged Copeland Agreement, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the Copeland Agreement.

34.    Responding to the allegations in Paragraph 39 of the Complaint, Defendants crave reference to the alleged acknowledgment, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the acknowledgment.

35.    Defendants lack information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Complaint and therefore deny these allegations.

36.    Responding to Paragraph 41 of the Complaint, Defendants lack information sufficient to form a belief as to the allegations and therefore deny these allegations.

37.    Defendants deny the allegations in Heading D of the Complaint.

38.    Responding to Paragraph 42 of the Complaint, Defendants lack information sufficient to form a belief as to the allegations in the first sentence and therefore deny these allegations.  Defendants admit Stier, SSC's President, attended a golf outing with Defendant Copeland in Charleston, South Carolina between Fall 2022 and Spring 2023.  Defendants lack information sufficient to form a belief as to whether SSC was one of Steves' largest customers and therefore deny these allegations.  Defendants crave reference to the text messages referenced in Paragraph 42, which speak for themselves, and deny any misstatements, inconsistencies, or mischaracterizations of the text messages.  Defendants lack information sufficient to form a belief as the remaining allegations and therefore deny these allegations.

39.    Defendants lack information sufficient to form a belief as to the allegations in Footnote 2 of the Complaint and therefore deny these allegations.

40.     Responding to the allegations in Paragraph 43 of the Complaint, Defendants admit Stier met with Allen, Copeland, and Stead at the Congaree Golf Club in Ridgeland, South Carolina on May 2, 2023.  Defendants deny Steves paid for the golf outing.  Defendants lack information sufficient to form a belief as to whether Allen and Copeland expensed any travel to Steves and therefore deny those allegations.  As to the remaining allegations in Paragraph 43 of the Complaint, Defendants crave reference to the email and document alleged, which speak for themselves, and deny any misstatements, inconsistencies, or mischaracterizations of the email and document.

41.     Responding to Paragraph 44 of the Complaint, Defendants crave reference to the email and document alleged, speak for themselves, and deny any misstatements, inconsistencies, or mischaracterizations of the email and document.

42.     Responding to Paragraph 45 of the Complaint, Defendants crave reference to the email and document alleged, which speak for themselves, and deny any misstatements, inconsistencies, or mischaracterizations of the email and document.

43.     Responding to Paragraph 46 of the Complaint, Defendants crave reference to the email alleged, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the email.

44.     Defendants lack information sufficient to form a belief as to the allegations in Paragraph 47 of the Complaint and therefore deny these allegations.  Further responding to the allegations in Paragraph 47, Defendants crave reference to the text messages and documents alleged, which speak for themselves, and deny any misstatements, inconsistencies, or mischaracterizations of the text messages and documents.

45.     Responding to the allegations in Paragraph 48 of the Complaint, Defendants crave reference to the email alleged, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the email.

46.     Defendants lack information sufficient to form a belief as to the allegations in Footnote 4 of the Complaint and therefore deny these allegations.

47.     Responding to Paragraph 49 of the Complaint, Defendants lack information sufficient to form a belief as to the allegations and therefore deny these allegations.  Further responding to the allegations in Paragraph 49, Defendants crave reference to the outline alleged, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the outline.

48.     Defendants admit the allegations in Footnote 5 of the Complaint.

49.     Responding to Paragraph 50 of the Complaint, Defendants lack information sufficient to form a belief as to the allegations and therefore deny these allegations.  Further responding to the allegations in Paragraph 50, Defendants crave reference to the text messages alleged, which speak for themselves, and deny any misstatements, inconsistencies, or mischaracterizations of the text messages.

50.     Responding to Paragraph 51 of the Complaint, Defendants admit Stier met and communicated with Copeland, Allen, and TKI in the summer of 2023.  Defendants also admit Stier scheduled tours of door manufacturing plants and distribution centers that summer.  Defendants lack information sufficient to form a belief as to the allegations in the third sentence of Paragraph 51 and therefore deny these allegations.  Defendants lack information sufficient to form a belief as to whether Copeland flew to Orlando to meet with Stead and therefore deny these allegations. Defendants admit Copeland met with Stier in Nashville in June 2023.  Further responding to

Paragraph 51, Defendants crave reference to the document alleged, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the document. Defendants lack information sufficient to form a belief as to the allegations in the seventh sentence of Paragraph 51 and therefore deny these allegations. Defendants deny any remaining allegations in Paragraph 51, specifically including the allegations that Stier toured manufacturing plants "to gather information for their competition business."

51.     Responding to Paragraph 52 of the Complaint, Defendants admit Dan Gallagher projected Casper's revenue could be over $22,000,000.00 by 2029. Defendants deny any remaining allegations in Paragraph 52.

52.     Responding to Paragraph 53 of the Complaint, Defendants admit Stier attended a golf tournament and party in September 2023 with Allen and Copeland in Charleston, South Carolina. Defendants lack information sufficient to form a belief as to the remaining allegations and therefore deny these allegations.

53.     Responding to Paragraph 54 of the Complaint, Defendants deny Allen and Copeland had or have enforceable non-compete or non-solicitation agreements. Further responding to the allegations in Paragraph 54 of the Complaint, Defendants deny any of their actions were "nefarious" or that Defendants took any actions to "cover up" any of their actions. Defendants admit SSC's counsel reviewed a draft supply agreement with TKI before SSC decided not to pursue or enter into the business of wholesale distribution of exterior doors. Defendants lack information sufficient to form a belief as to the remaining allegations in Paragraph 54 and therefore deny these allegations.

54.     Defendants lack information sufficient to form a belief as to the allegations in Footnote 6 of the Complaint and therefore deny these allegations.

55.    Responding to Paragraph 55 of the Complaint, Defendants crave reference to the email alleged, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the email.  Further responding to the allegations in Paragraph 55, Defendants admit Casper, LLC was formed on December 28, 2023.  Defendants crave reference to the Articles of Incorporation for Casper, LLC, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the Articles of Incorporation.

56.    Responding to Paragraph 56 of the Complaint, Defendants admit Stier met with Allen and Copeland in Charleston in early 2024.  Defendants lack information sufficient to form a belief as to the allegation that the travel "was expensed to Steves" and therefore deny these allegations.  Defendants assert no response is required to the allegation "(though it is unlikely they were there advancing Steves' business interests)" given that the allegation consists of arguments, unwarranted inferences, and editorial comments rather than factual allegations.  To the extent a response is required, Defendants deny the allegations.  Defendants admit Stier worked on a TKI supply agreement around this same time deny any agreement was ever finalized and deny any implication of wrongdoing from these allegations.

57.    Responding to Paragraph 57 of the Complaint, Defendants admit Copeland and Stier had dinner in March 2024 but deny that dinner included "a senior executive from an important strategic partner and customer of Steves."  Defendants lack information sufficient to form a belief as to whether Copeland's "trip was [] expensed to Steves" and therefore deny these allegations. Defendants admit Casper, LLC's name was changed to KoraDoor, LLC on March 15, 2024. Defendants crave reference to the amended Articles of Incorporation alleged, with speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the amended Articles of Incorporation.  Defendants deny any remaining allegations in Paragraph 57.

58.     Responding to Paragraph 58 of the Complaint, Defendants admit Dan Gallagher sent Copeland and Allen a draft KoraDoor Consulting Agreement.  Defendants crave reference to the draft KoraDoor Consulting Agreement, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the draft KoraDoor Consulting Agreement.  Defendants lack information sufficient to form a belief as to the remaining allegations and therefore deny the allegations.

59.     Defendants lack information sufficient to form a belief as to the allegations in Heading E of the Complaint and therefore deny these allegations.

60.     Defendants lack information sufficient to form a belief as to the allegations in Paragraph 59 of the Complaint and therefore deny these allegations.

61.     Defendants lack information sufficient to form a belief as to the allegations in Paragraph 60 of the Complaint and therefore deny these allegations.  Further responding to the allegations in Paragraph 60, Defendants crave reference to the emails, which speak for themselves, and deny any misstatements, inconsistencies, or mischaracterizations of the emails.

62.     Defendants lack information sufficient to form a belief as to the allegations in Paragraph 61 of the Complaint and therefore deny these allegations.  Further responding to the allegations in Paragraph 61, Defendants crave reference to the emails, which speak for themselves, and deny any misstatements, inconsistencies, or mischaracterizations of the emails.  Defendants deny any allegations of a "conspiracy" in Paragraph 61 of the Complaint.

63.     Defendants lack information sufficient to form a belief as to the allegations in Paragraphs 62 and 63 of the Complaint and therefore deny these allegations.

64.     Defendants deny the allegations in Heading F of the Complaint.

65.    Defendants lack information sufficient to form a belief as to the allegations in Paragraph 64 of the Complaint and therefore deny these allegations.

66.    Defendants assert no response is required to the allegations in Heading "Allen's Activities" of the Complaint.  To the extent a response is required, Defendants deny the allegations.

67.    Defendants lack information sufficient to form a belief as the allegations contained in Paragraphs 65, 66, 67, 68, 69, 70, 71, 72, and 73 of the Complaint and therefore denies these allegations.

68.    Defendants assert no response is required to the allegations in Heading "Copeland's Activities" of the Complaint.  To the extent a response is required, Defendants deny the allegations.

69.    Defendants lack information sufficient to form a belief as the allegations contained in Paragraphs 74, 75, and 76 of the Complaint and therefore denies these allegations.

70.    Defendants deny the allegations in Heading G of the Complaint.

71.    Responding to the allegations in Paragraph 77 of the Complaint, Defendants lack information sufficient to form a belief as to what "Steves discovered" after "Allen and Copeland's departure" and therefore deny these allegations.  Further responding to Paragraph 77, Defendants crave reference to the PowerPoint presentations alleged, which speak for themselves, and deny any misstatements, inconsistencies, or mischaracterizations of the PowerPoint presentations.

72.    Responding to Paragraph 78 of the Complaint, Defendants crave reference to the emails alleged, which speak for themselves, and deny any misstatements, inconsistencies, or mischaracterizations of the emails.

73.     Responding to the allegations in Paragraph 79 of the Complaint, Defendants crave reference to the PowerPoint presentation alleged, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the PowerPoint presentation.

74.    Defendants lack information sufficient to form a belief as to the allegations in Heading H of the Complaint and therefore deny the allegations.

75.    Responding to Paragraph 80 of the Complaint, Defendants crave reference to the cease and desist letters alleged, which speak for themselves, and deny any misstatements, inconsistencies, or mischaracterizations of the letters cease and desist.  Further responding to the allegations in Paragraph 80, Defendants lack information sufficient to form a belief as to the allegations relating to Defendant Allen's or Defendant Copeland's response to those letters and therefore deny those allegations.  Defendants admit Steves sent SSC and Stier a letter relating to Allen and Copeland.  Defendants crave reference to the letter alleged, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the letter.  Defendants deny any remaining allegations in Paragraph 80.

76.    Defendants lack information sufficient to form a belief as to the allegations in Paragraph 81 of the Complaint and therefore deny these allegations.

77.    Responding to Paragraph 82 of the Complaint, Defendants admit Copeland approached Stier about a business opportunity with TKI involving fiberglass exterior doors but that the opportunity never came to fruition.  Defendants deny any implication of wrongdoing from these allegations.  Defendants lack information sufficient to form a belief as to the remaining allegations in Paragraph 82 and therefore deny these allegations.

78.    Responding to Paragraph 83 of the Complaint, Defendant admits DT Marlin, LLC paid Allen $26,250.00 a month for several months but deny it agreed to pay Allen three bonus payments of $30,000.00 each and deny it paid Allen any bonus payment.  While the amounts may align with those in the unexecuted consulting agreement with KoraDoor, Defendant denies Allen or Copeland have an executed consulting agreement with KoraDoor or SSC, for that matter.

Further responding to the allegations in Paragraph 83, Defendant craves reference to the text messages alleged, which speak for themselves, and denies any misstatements, inconsistencies, or mischaracterizations of the text messages.  Defendant denies any remaining allegations.

79.    Defendants admit the allegations in Footnote 7 of the Complaint.

80.    Defendants deny the allegations in Footnote 8 of the Complaint.

81.    Responding to Paragraphs 84and 85 of the Complaint, Defendants lack information sufficient to form a belief as to the allegations and therefore deny these allegations.

82.    Responding to Paragraph 86 of the Complaint, Defendants crave reference to the response letter alleged, which speaks for itself, and deny any misstatements, inconsistencies, or mischaracterizations of the response letter.

83.    Responding to Paragraph 87 of the Complaint, Defendants admit the allegations, except that they assert SSC and Steves no longer conduct business together under any LTA.

84.    Responding to the allegations in Paragraph 88 of the Complaint, Defendants admit Stier signed a new LTA on SSC's behalf on March 6, 2022 that extends the term of the LTA through December 31, 2024, with further extensions if agreed upon by both parties.  Defendants deny that LTA increased SSC's rebate rate from the prior year.

85.    Responding to Paragraph 89 of the Complaint, Defendants deny Stier requested to renegotiate the terms of the LTA for fear of the "looming slowdown" in the housing market in July 2022.  Defendant denies Stier requested an increased rebate rate in July 2022.  Defendants admit the remaining allegations and asserts SSC renegotiated the terms of the LTA in July 2022 because both parties understood the March 2022 LTA was a placeholder for a more comprehensive LTA to be agreed upon.

86.     Responding to the allegations in Paragraph 90 of the Complaint, Defendants admit Stier and Copeland agreed upon a revised LTA in November 2022, which did not include an increased rebate rate, and that Stier signed the revised LTA and sent it back to Copeland's for signature. Defendants assert that both parties knew of and operated under the revised terms of that November 2022 LTA retroactively to January 1, 2022. Defendants deny any remaining allegations in Paragraph 90.

87.     Responding to the allegations in Paragraph 91 of the Complaint, Defendants admit that in July 2023, Stier approached Copeland because of the "looming slowdown" in the housing market and requested a higher rebate rate. Defendants admit that Copeland and Stier agreed upon an increased rebate rate for 2023 in July 2023. Defendants admit that Steves paid SSC a rebate payment for 2023 that was almost equal to the agreed upon rebate rate from July 2023. Defendants deny any implication of wrongdoing from the allegations in Paragraph 91 of the Complaint. Defendants lack information sufficient to form a belief as to when Copeland informed Steves' accounting department about the agreed upon 2023 rebate rate and therefore deny these allegations.

88.     Responding to Paragraph 92 of the Complaint, Defendants lack information sufficient to form a belief as to the allegations in the first sentence and therefore denies these allegations. Defendants admit Steves asked it for a copy of the operative LTA for 2023 and that Stier sent the operative LTA to Steves upon request. Defendants admit the operative LTA between Steves and SSC for 2023, which Stier and Copland agreed upon in July 2023, included an increased rebate rate and was memorialized at a later time but dated September 7, 2022. Defendants deny the 60-day termination notice provision and 60-day payment provision were new terms as Stier and Copeland agreed upon these terms in November 2022. Defendants deny Stier and Copeland

"reengineered" a supply agreement and denies the agreed upon increased rebate rate had anything to do with Stier's desire to work with Copeland or Allen. Defendants deny the implication that this LTA was fraudulent and deny any implication of wrongdoing. Defendants deny any remaining allegations in Paragraph 92 of the Complaint.

89.    Responding to Paragraph 93 of the Complaint, each allegation contained above is realleged and incorporated by reference.

90.    Defendants admit the allegations in Paragraph 94 of the Complaint.

91.    Defendants deny the allegations in Paragraph 95 of the Complaint.

92.    Responding to Paragraph 96 of the Complaint, Defendants lack information sufficient to form a belief as to the allegations and therefore deny the allegations.

93.    Defendants deny the allegations in Paragraphs 97 and 98 of the Complaint.

94.    Defendants lack information sufficient to form a belief as to the allegations in Paragraph 99 of the Complaint and therefore deny these allegations.

95.    Defendants deny the allegations in Paragraphs 100, 101, 102, 103, 104, and 105 of the Complaint.

96.    Responding to Paragraph 106 of the Complaint, each allegation contained above is realleged and incorporated by reference.

97.    Defendants deny the allegations in Paragraphs 107, 108, and 109 of the Complaint.

98.    Responding to Paragraph 110 of the Complaint, Defendants lack information sufficient to form a belief as to the allegations and therefore deny the allegations.

99.    Defendants deny the allegations in Paragraphs 111, 112, 113, 114, 115, and 116 of the Complaint.

100.    Responding to Paragraph 117 of the Complaint, each allegation contained above is realleged and incorporated by reference.

101.    Defendants asserts no response is required as to the allegations in Paragraphs 118, 119, 120, and 121 as the allegations do not assert a cause of action against Defendants.  To the extent a response is required, Defendants deny the allegations.

102.    Responding to Paragraph 122 of the Complaint, each allegation contained above is realleged and incorporated by reference.

103.    Defendants asserts no response is required as to the allegations in Paragraphs 123, 124, 125, 126, 127, 128, 129, and 130 as the allegations do not assert a cause of action against Defendants.  To the extent a response is required, Defendants deny the allegations.

104.    Responding to Paragraph 131 of the Complaint, each allegation contained above is realleged and incorporated by reference.

105.    The allegations in Paragraph 132 of the Complaint call for a conclusion of law and therefore no response is required.  To the extent a response is required, Defendants deny these allegations.

106.    Responding to the allegations in Paragraph 133 of the Complaint, Defendants admit they became aware of Copeland's and Allen's employment agreements at some point but deny they were or are enforceable or valid.  Defendants deny any remaining allegations.

107.    Defendants deny the allegations in Paragraphs 134, 135, 136, and 137 of the Complaint.

108.    Responding to Paragraph 138 of the Complaint, each allegation contained above is realleged and incorporated by reference.

109.     Defendants deny the allegations in Paragraphs 139, 140, 141, 142, and 143 of the Complaint.

110.     Responding to Paragraph 144 of the Complaint, each allegation contained above is realleged and incorporated by reference.

111.     Defendants asserts no response is required as to the allegations in Paragraphs 145, 146, 147, 148, 149, and 150 as the allegations do not assert a cause of action against Defendants. To the extent a response is required, Defendants deny the allegations.

112.     Responding to Paragraph 151 of the Complaint, each allegation contained above is realleged and incorporated by reference.

113.     The allegations in Paragraph 152 of the Complaint call for a conclusion of law and therefore no response is required.  To the extent a response is required, Defendants deny these allegations.

114.     Defendants deny the allegations in Paragraphs 153, 154, 155, 156, and 157 of the Complaint.

115.     Responding to Paragraph 158 of the Complaint, each allegation contained above is realleged and incorporated by reference.

116.     Defendants deny the allegations in Paragraph 159 of the Complaint.

117.     Responding to Paragraph 160 of the Complaint, each allegation contained above is realleged and incorporated by reference.

118.     Defendants deny the allegations in Paragraphs 161, 162, 163, 164, 165, 166, and 167 of the Complaint.

119.     Responding to Paragraph 168 of the Complaint, each allegation contained above is realleged and incorporated by reference.

120.    Defendants deny the allegations in Paragraphs 169, 170, and 171 of the Complaint.

121.    Responding to Paragraph 172 of the Complaint, each allegation contained above is realleged and incorporated by reference.

122.    Responding to Paragraph 173 of the Complaint, Defendants admit Plaintiff seeks a preliminary and permanent injunction but deny Plaintiff is entitled to the injunctive relief it seeks and deny Plaintiff is entitled to any relief.  Defendants deny any remaining allegations.

123.    Responding to Paragraph 174 of the Complaint, Defendants admit Plaintiff seeks an injunction stated in those allegations but deny Plaintiff is entitled to the injunctive relief it seeks and deny Plaintiff is entitled to any relief.  Defendants deny any remaining allegations.

124.    Defendants deny the allegations in Paragraphs 175, 176, 177, 178, and 179 of the Complaint.

125.    Defendants deny each allegation in Plaintiff's PRAYER FOR RELIEF, including subparagraphs 1 through 9, and deny Plaintiff is entitled to any relief.

**FOR A SECOND DEFENSE**

126.    Each allegation and defense contained above is realleged and incorporated by reference.

127.    The Complaint fails to state a claim for which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**FOR A THIRD DEFENSE**

128.    Each allegation and defense contained above is realleged and incorporated by reference.

129.    Plaintiff's claims are barred in whole or in part because the information on which Plaintiff bases its claims for misappropriations or trade secrets and/or confidential information

under the Defend Trade Secrets Act and the South Carolina Trade Secrets Act is in the public domain and known generally in the trade or business, but even if it wasn't, Plaintiff has not taken actions to protect the information. Therefore, there is no basis for liability under either Act related to such information.

### FOR A FOURTH DEFENSE

130.    Each allegation and defense contained above is realleged and incorporated by reference.

131.    Plaintiff's claims are barred in whole or in part because Copeland's and Allen's employment agreements, purportedly including non-compete and non-solicitation agreements, are not legally enforceable because they are illegal, void as against public policy, not reasonable in scope, time, and geography, and were procured without valid consideration.

### FOR A FIFTH DEFENSE

132.    Each allegation and defense contained above is realleged and incorporated by reference.

133.    Plaintiff's claims are barred in whole or in part because Copeland's and Allen's employment agreements, purportedly including non-compete and non-solicitation agreements, are illegal and not legally enforceable and South Carolina courts are prohibited for severing or blue penciling the illegal provisions

### FOR A SIXTH DEFENSE

134.    Each allegation and defense contained above is realleged and incorporated by reference.

135.    Plaintiff's claims are barred because Plaintiff has suffered no damages and/or Plaintiff's damages are entirely speculative.

## FOR A SEVENTH DEFENSE

136.     Each allegation and defense contained above is realleged and incorporated by reference.

137.     Any alleged damages sustained by Plaintiff as alleged in the Complaint, which Defendants deny, were the proximate result of the acts or omissions of third persons and/or parties over whom Defendants have no control or ability to control.

## FOR AN EIGHTH DEFENSE

138.     Each allegation and defense contained above is realleged and incorporated by reference.

139.     Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver, laches, estoppel, ratification, release, unclean hands, and/or condonation.

## FOR A NINTH DEFENSE

140.     Each allegation and defense contained above is realleged and incorporated by reference.

141.     If Defendants are liable to Plaintiff, which is specifically denied, Plaintiff will be subject to an election of remedies should it prevail on all its causes of action.

## FOR A TENTH DEFENSE

142.     Each allegation and defense contained above is realleged and incorporated by reference.

143.     Plaintiff's claim for an award of punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution, in that:

a. The judiciary's ability to correct a punitive damages award only upon a finding of passion, prejudice, or caprice is inconsistent with due proves guarantees;

b. Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

c. Any award of punitive damages based upon the wealth of the defendant violates due process guarantees;

d. The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e. Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

f. Plaintiff's claim for punitive damages violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based on the wealth of the defendant.

g. Plaintiff's claim for punitive damages violates the Federal Doctrine of Separation of Powers and Article I, Section 8 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

## FOR AN ELEVENTH DEFENSE

144.    Each allegation and defense contained above is realleged and incorporated by reference.

145.    Plaintiff's claim for punitive damages, although violative of the United States and South Carolina Constitutions, is subject to and limited by section 15-32-530 of the South Carolina Code.

## FOR A TWELFTH DEFENSE

146.    Each allegation and defense contained above is realleged and incorporated by reference.

147.    Plaintiff's claim for injunctive relief is barred because Plaintiff cannot show that it has or will suffer any irreparable harm from any action of Defendants.

## FOR A THIRTEENTH DEFENSE

148.    Each allegation and defense contained above is realleged and incorporated by reference.

149.    Plaintiff has an adequate remedy at law and no basis exists for granting Plaintiff equitable relief including an injunction.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants Jonathan "Ryan" Stier and KoraDoor, LLC pray that the Complaint be dismissed with prejudice and that Plaintiff be held responsible for all costs and fees incurred by Defendants in the investigation, defense, and resolution of these claims, including reasonable attorney's fees and costs. Defendants further pray for all other equitable relief and such other relief as the Court deems just and proper.

ROBINSON GRAY STEPP & LAFFITTE, LLC

By:  _s/J. Calhoun Watson_
     J. Calhoun Watson, Fed. Bar No. 4794
     cwatson@robinsongray.com
     R. William Metzger, Jr., Fed. Bar No. 5028
     bmetzger@robinsongray.com
     Courtney E. Walsh, Fed. Bar No. 11873
     cwalsh@robinsongray.com
     Sarah C Frierson, Fed. Bar No. 13825
     sfrierson@robinsongray.com
     Post Office Box 11449
     Columbia, South Carolina 29211
     (803) 929-1400 Telephone
     (803) 929-0300 Fax

*Attorneys for Defendants Jonathan "Ryan" Stier and KoraDoor, LLC*

Columbia, South Carolina
February 5, 2025