UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| STEVES AND SONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICK SCOTT COPELAND; STIER SUPPLY COMPANY; JONATHAN "RYAN" STIER; RYAN STEAD; KORADOOR, LLC; and TKI, INC., <br><br> Defendants. | Civil Action No.  2:24-cv-07015-BHH <br><br> **STEVES AND SONS, INC.'S ANSWER TO COUNTERCLAIMS OF DEFENDANT STIER SUPPLY COMPANY** <br><br> **(JURY TRIAL DEMANDED)** |

Plaintiff Steves and Sons, Inc. ("Steves"), by and through its undersigned counsel, hereby submits this Answer to the counterclaims set forth by Defendant Stier Supply Company ("SSC") in its Answer and Counterclaim ("Counterclaims") [ECF No. 29 at 25–29].

## THE PARTIES

1. Steves admits the allegations of Paragraph 1 of the Counterclaims.

2. Steves admits the allegations of Paragraph 2 of the Counterclaims.

## JURISDICTION AND VENUE

3. Responding to the allegations of Paragraph 3 of the Counterclaims, Steves states that the allegations therein contain legal argument and conclusions to which no response is required. To the extent that any response is required, Steves admits those allegations.

1

4.	Responding to the allegations of Paragraph 4 of the Counterclaims, Steves states that the allegations therein contain legal argument and conclusions to which no response is required.  To the extent that any response is required, Steves admits those allegations.

5.	Responding to the allegations of Paragraph 5 of the Counterclaims, Steves states that the allegations therein contain legal argument and conclusions to which no response is required.  To the extent that any response is required, Steves admits those allegations.

6.	Responding to the allegations of Paragraph 6 of the Counterclaims, Steves states that the allegations therein contain legal argument and conclusions to which no response is required.  To the extent that any response is required, Steves admits those allegations.

7.	Responding to the allegations of Paragraph 7 of the Counterclaims, Steves states that the allegations therein contain legal argument and conclusions to which no response is required.  To the extent that any response is required, Steves admits those allegations.

**FACTUAL BACKGROUND**

8.	Steves lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Counterclaims, and therefore denies them.

9.	Steves admits the allegations of Paragraph 9 of the Counterclaims.

10.	Steves denies the allegations of Paragraph 10 of the Counterclaims.

11.	Steves denies the allegations of Paragraph 11 of the Counterclaims.

12.	Steves denies the allegations of Paragraph 12 of the Counterclaims.  Steves further denies that the document described as the "Operative Supply Agreement" and identified as "Exhibit A" in Paragraph 12 of the Counterclaims is, in fact, the "operative" agreement between Steves and SSC.

13. Steves denies the allegations of Paragraph 13 of the Counterclaims. Steves further denies that the document described as the "Operative Supply Agreement" and identified as "Exhibit A" in Paragraph 13 of the Counterclaims is, in fact, the "operative" agreement between Steves and SSC.

14. Steves denies the allegations of Paragraph 14 of the Counterclaims.

15. Steves denies the allegations of Paragraph 15 of the Counterclaims.

16. Steves denies the allegations of Paragraph 16 of the Counterclaims.

17. Responding to the allegations of Paragraph 17 of the Counterclaims, Steves admits only that it paid SSC the rebate amount alleged in February 2024. Steves denies all remaining allegations of Paragraph 17 of the Counterclaims.

18. Steves denies the allegations of Paragraph 18 of the Counterclaims.

19. Steves denies the allegations of Paragraph 19 of the Counterclaims.

20. Steves denies the allegations of Paragraph 20 of the Counterclaims.

21. Responding to the allegations of Paragraph 21 of the Counterclaims, Steves admits only that SSC has asserted a counterclaim against Steves. Steves denies all remaining allegations of Paragraph 21 of the Counterclaims.

**FOR A FIRST CAUSE OF ACTION**
(Breach of Contract)

22. Responding to Paragraph 22 of the Counterclaims, Steves hereby incorporates its responses to Paragraphs 1 through 21 of the Counterclaims set forth above as if fully set forth again here.

23. Steves denies the allegations of Paragraph 23 of the Counterclaims. Steves further denies that the document described as the "Operative Supply Agreement" identified as

"Exhibit A" in Paragraph 23 of the Counterclaims is, in fact, the "operative" agreement between Steves and SSC.

24. Steves denies the allegations of Paragraph 24 of the Counterclaims.

25. Steves denies the allegations of Paragraph 25 of the Counterclaims.

26. Steves denies the allegations of Paragraph 26 of the Counterclaims.

27. Steves denies the allegations of Paragraph 27 of the Counterclaims.

28. Steves denies the allegations of Paragraph 28 of the Counterclaims.

29. Steves denies the allegations of Paragraph 29 of the Counterclaims.

30. Steves denies the allegations of Paragraph 30 of the Counterclaims.

31. Steves denies the allegations of Paragraph 31 of the Counterclaims.

## DEMAND FOR JURY TRIAL

32. Steves hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

33. Responding to the "WHEREFORE" paragraph and the following unnumbered paragraphs on page 29 of the Counterclaims, Steves hereby denies SSC's entitlement to any relief, requests, damages, attorney's fees, costs, or judgment set forth therein.

## DEFENSES

34. Steves asserts the following separate defenses against the Counterclaims. By alleging the separate defenses set forth below, Steves does not agree, concede, or assume that it has the burden of proof or burden of persuasion on any such defense.

## FIRST DEFENSE
(Fraud and/or Fraud in the Inducement)

35. SSC cannot recover on its Counterclaims because SSC defrauded Steves by knowingly submitting of a fraudulent long-term agreement (wrongly identified as the "Operative

Supply Agreement" in the Counterclaims) despite SSC's knowledge that Steves had not approved that "agreement", or the rebate increases contained therein as alleged in Steves Verified Complaint. Steves hereby incorporates Paragraphs 87 through 92 and 160 through 167 of its Verified Complaint [ECF No. 1], setting forth Steves's cause of action against SSC and other Defendants for fraud, as though fully restated here.

## SECOND DEFENSE
(Failure to State a Claim)

36. Steves hereby incorporates Paragraph 35 above as though fully set forth again here. The Counterclaims, in whole or in part, fail to state a claim against Steves upon which relief can be granted. Steves states that SSC procured its purported "Operative Supply Agreement" through fraud and that such agreement is void and unenforceable; thus, SSC cannot recover for any alleged breach of the same.

## THIRD DEFENSE
(Failure to Mitigate Damages)

37. Steves hereby incorporates Paragraph 35 above as though fully set forth again here. The Counterclaims are or may be barred in whole or in part due to SSC's failure to mitigate damages allegedly sustained. SSC may not recover for any such damages, or for those that could have been reasonably reduced by an exercise of reasonable care. More specifically, SSC may not recover for any damages because SSC could have prevented or mitigated its damages by not undertaking to defraud Steves or by bringing to Steves's attention the wrongful conduct of itself and others known to SSC.

## FOURTH DEFENSE
(Failure to Join Necessary Parties)

38. Steves hereby incorporates Paragraph 35 above as though fully set forth again here. The Counterclaims are or may be barred in whole or in part due to SSC's failure to join all

necessary, indispensable, and/or appropriate parties. SSC has failed to join Defendant Nick "Scott" Copeland or Jonathan "Ryan" Stier, whose wrongful conduct caused any alleged damage to SSC.

## FIFTH DEFENSE
(Intervening Causes of Damages and Comparative Fault)

39. Steves hereby incorporates Paragraph 35 above as though fully set forth again here. If SSC sustained any of the alleged injuries or incurred any of the alleged damages, which Steves expressly denies, those injuries or damages were caused in whole or in part by the acts or omissions of persons other than Steves or its lawful agents over whom Steves had no control (including but not limited to SSC itself, Defendant Nick "Scott" Copeland, or Paul Allen) and/or by unforeseeable, independent, intervening, or superseding events outside of Steves's control. As to the conduct or intervening acts of SSC itself or any other entity or person which resulted in the alleged injuries and/or damages of SSC, if any, Steves expressly pleads the doctrine of comparative fault and all related doctrines, as well as the provisions of any applicable comparative fault statute, law, or policy. If Steves is held liable for SSC's Counterclaims, which liability is specifically denied, Steves is entitled to contribution, set-off, indemnification, or other similar entitlements, either in whole or in part, from all persons or entities whose acts or fault proximately caused or contributed to cause SSC's alleged injuries, losses, or damages.

## SIXTH DEFENSE
(Unclean Hands)

40. Steves hereby incorporates Paragraph 35 above as though fully set forth again here. The Counterclaims are barred in whole or in part due to SSC's unclean hands based on its

own fraud and other wrongful acts as detailed in Paragraph 35 above and Steves's various causes of action pleaded against SSC in Steves' Verified Complaint.

### SEVENTH DEFENSE
(Mistake of Fact)

41. Steves hereby incorporates Paragraph 35 above as though fully set forth again here. The Counterclaims are barred in whole or in part because, to the extent that the document identified by SSC as the "Operative Supply Agreement" is deemed to be a valid agreement between Steves and SSC (which Steves denies), that agreement was entered into under a bilateral or unilateral mistake as to the underlying facts about the subject matter.

### EIGHTH DEFENSE
(Equitable Estoppel)

42. Steves hereby incorporates Paragraph 35 above as though fully set forth again here. SSC should be equitably estopped from pursuing or recovering upon its Counterclaims due to its own fraud and other wrongful acts as detailed in Paragraph 35 above and Steves's various causes of action pleaded against SSC in Steves' Verified Complaint.

### NINTH DEFENSE
(Waiver)

43. Steves hereby incorporates Paragraph 35 above as though fully set forth again here. SSC has waived any right or entitlement to pursue or recover upon its Counterclaims due to its own fraud and other wrongful acts as detailed in Paragraph 35 above and Steves's various causes of action pleaded against SSC in Steves' Verified Complaint.

### TENTH DEFENSE
(Justification)

44. Steves hereby incorporates Paragraph 35 above as though fully set forth again here. Steves was justified in not paying the rebates SSC claims it is owed as the agreement allegedly requiring the payment of such rebates was procured by SSC's own fraud.

7

## ELEVENTH DEFENSE
(Reservation of Rights)

45.     Steves reserves the right to assert any additional defenses in matters of avoidance which may be disclosed during the course of additional investigation and discovery. Steves has not knowingly or intentionally waived or forfeited any applicable defenses.

## **JURY DEMAND**

46.     Steves hereby demands trial by jury in this action of all issues so triable.

**WHEREFORE**, Steves hereby demands judgment in its favor and against SSC, together with the costs of this action and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/ *Wesley T. Moran*
G. Mark Phillips
Federal Bar No. 3051
151 Meeting Street, Suite 600
Post Office Box 1806 (29402-1806)
Charleston, SC 29401-2239
Phone: (843) 853 - 5200
Email: mark.phillips@nelsonmullins.com

Wesley T. Moran
Federal Bar No. 12797
3751 Robert M Grissom Parkway
Myrtle Beach, South Carolina 29577-6412
Phone: (843) 946-5600
Fax: (843) 448-3437
Email: wes.moran@nelsonmullins.com

**FORD MURRAY, PLLC**
William H. Ford (to be admitted pro hac vice)
bill.ford@fordmurray.com
Veronica S. Wolfe (to be admitted pro hac vice)
veronica.wolfe@fordmurray.com
Kennedy Hatfield Asel (to be admitted pro hac vice)

hatsfield.asel@fordmurray.com
10001 Reunion Place, Suite 640
San Antonio, Texas 78216
Phone: (210) 731-6400

**HUNTON & WILLIAMS LLP**
Maya M. Eckstein (to be admitted pro hac vice)
meckstein@HuntonAK.com
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Phone: (804) 788-8200

*Attorneys for Plaintiff*

**PIPKIN LAW**
Marvin G. Pipkin (to be admitted pro hac vice)
10001 Reunion Place, Suite 6400
San Antonio, TX 78216
Telephone: (210) 731-6495

*Of Counsel to Plaintiff*

February 26, 2025
Myrtle Beach, South Carolina

9